UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANKO CUCUZ,

        Plaintiff,

                      Case No.   2:15-cv-10479

vs.

                      Honorable Denise Page Hood

ROSTA INTERNATIONAL LIMITED and
JERRY HUANG,

        Defendants.
_____/

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [#16]**

**I.    INTRODUCTION**

On February 6, 2015, Plaintiff filed the present action against Defendants Rosta International Limited ("Rosta") and Jerry Huang ("Huang"), alleging breach of contract and fraud arising out of a settlement agreement. Rosta is a Chinese resident, and Huang is a Taiwanese resident. Pursuant to the Federal Rule of Civil Procedure 55 and the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague

1

Convention"), Plaintiff served the summons, complaint, and other pleadings on China's Central Authority, the Ministry of Justice of China in Beijing, China (the "Chinese Ministry of Justice") on or about April 20, 2015. In October 2015, the Chinese Ministry of Justice advised Plaintiff's counsel that additional translation of some documents was required. On or about November 10, 2015, Plaintiff provided the Chinese Ministry of Justice with documents satisfactory to the Chinese Ministry of Justice. Plaintiff asserts that he has not received any response from the Chinese Ministry of Justice, Rosta, or Huang.

On March 29, 2016, Plaintiff filed a Request for Clerk's Entry of Default against Rosta (only), and an Entry of Default against Rosta was entered by the Clerk of the Court. Dkt. Nos. 12, 14. On June 29, 2016, Plaintiff filed a Motion for Default Judgment against Rosta. Dkt. No. 16. No response has been filed to date.

## II. APPLICABLE LAW

An Entry of Default under Federal Rule of Civil Procedure 55(a) is the first procedural step necessary to obtain a default judgment. *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A default judgment may be

entered by the Clerk when the plaintiff's claim is for a sum certain or a sum which can be made certain, and the defendant is not an infant or an incompetent person. Fed.R. Civ. P. 55(b)(1). In all other cases, the Court may conduct an accounting, determine amount of damages, establish the truth of any allegations by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

The Hague Convention is the treaty created to "ensure that judicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time", and it sets forth methods for service of civil pleadings through its members' Central Authority. *Hague Convention Intro. and Arts. 5 & 6*. Both the United States and China are members and signatories to the Hague Convention. According to the Hague Convention, Plaintiff was required to, and represents that he did, deliver a request for service of the Summons and Complaint with the necessary translations and forms to China's Central Authority (the Chinese Ministry of Justice) who "shall itself serve the document or shall arrange to have it served by an appropriate agency." *Hague Convention, Art. 5*. The Chinese Ministry of Justice was then required to complete a certificate stating that the document was served *or* if not served, the reasons which prevented service, and return the certificate to Plaintiff directly. *Hague Convention, Art. 6*. To date, the Chinese Ministry of Justice has done neither. The failure to actually serve a defendant *does*

*not* preclude the granting of a judgment by default. Article 15 of the Hague Convention states:

> [T]he judge…may give judgment *even if no certificate of service or delivery has been received*, if all the following conditions are fulfilled –
>
> a. the document was transmitted by one of the methods provided for in this Convention,
>
> b. a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
>
> c. no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

(emphasis added). Federal courts have entered defaults and default judgment after all the requirements of service under Article 15 have been met. *See, e.g., Burda Media, Inc v. Viertel,* 417 F.3d 292 (2nd Cir. 2005) and *Thomas v. Biocine Sclavo,* 1998 WL 51861 (N.D.N.Y. 1998).

Plaintiff initially transmitted the pleadings and translations to the Chinese Ministry of Justice over 15 months ago, and the Chinese Ministry of Justice stated that they were satisfied with the pleadings and translations over 8 months ago. Rosta has not filed an Answer or otherwise appeared in this matter, and Plaintiff has not heard from Rosta or the Chinese Ministry of Defense since November

2015.  It appears that Plaintiff has made every reasonable effort to serve Rosta and obtain a certificate of service with respect to Rosta (and Huang).  Accordingly, the Clerk entered an Entry of Default against Rosta in this case.

In this case, Rule 55(b)(1) applies because the damages sought are for a sum certain ($250,000) and Rosta is a corporation, so it is not an infant or incompetent person. Plaintiff suffered the loss of his $250,000 investment/stock purchase plus consequential damages, and he has incurred litigation costs and attorney fees. Plaintiff seeks pre-judgment interest from the date of his investment as consequential damages for the fraud involved in taking his investment and failing to issue him stock, and under the Court's equitable powers. *See Thomas v. Thomas*, 176 Mich.App. 90 (1989). *See also* MCL 600.6013(8), which provides for interest from the date of filing of the Complaint. Pursuant to 28 U.S.C. § 1961, Plaintiff also is entitled to post-judgment interest on the Judgment entered by this Court. Pursuant to the prior settlement agreement between the parties, Plaintiff asserts that he  is entitled to specific performance as follows:

1. copies of the annual shareholder package,

2. financial statements and other material information provided to Crimson for fiscal year 2006 through the present, and

3. stock certificates or other comparable and satisfactory evidence of his ownership interest and investment in Rosta.

Plaintiff has attached a sworn affidavit prepared by his attorney. The sworn affidavit indicates the damages suffered by him as a result of Rosta's contractual breaches and fraud. Plaintiff also has submitted a proposed Judgment that provides for the following damages and relief:

a. $250,000.00 as a return of Plaintiff's investment;
b. $93,073.77 in pre-judgment interest;
c. $5,964.75 for attorneys' fees and costs;
d. Specific performance to provide the aforementioned information and documents;
e. Post-judgment interest under 28 U.S.C. § 1961.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment **[Dkt. No. 16]** is **GRANTED** and a Judgment will be entered in Plaintiff's favor against Rosta.

**IT IS ORDERED.**

Dated: August 8, 2016            s/Denise Page Hood
                                 Chief, U.S. District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 8, 2016, by electronic and/or ordinary mail.

                                 s/LaShawn R. Saulsberry
                                 Case Manager

6